**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**JACKSON LEWIS LLP**
**One North Broadway, Suite 1502**
**White Plains, New York 10601**
**(914) 328-0404**
**Attorneys of Record for Defendant:**
    **Joseph J. Lynett (JL 7328)**
    **Susan M. Corcoran (SC 0934)**

-------------------------------------------------------------------X
**KEITH MIKELL,**

                **Plaintiff,**            **Case No.: 08 CV 5549 (CM)**

    **- against -**

**CAPITAL PRINTING SYSTEMS, INC.,**

                **Defendant.**
-------------------------------------------------------------------X

## ANSWER

      Defendant, Capital Printing Systems, Inc., by and through its attorneys, Jackson Lewis LLP, for its Answer to Plaintiff's Complaint herein, states as follows:

### AS TO "NATURE OF ACTION AND THE PARTIES"

      1.      Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

      2.      Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint.

      3.      Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

4.      Defendant denies the allegations set forth in Paragraph 4 of the Complaint, except admits the Court has federal question jurisdiction.

5.      Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint, except admits that venue is proper.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Paragraph 7 is omitted from Plaintiff's Complaint and, therefore, no responsive pleading is required under the Federal Rules of Civil Procedure.

8.      Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

## AS TO "FACTS"

10.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint states a legal conclusion to which no responsive pleading is required under the Federal Rules of Civil Procedure.

12.      Defendant denies the allegations set forth in Paragraph 12 of the Complaint, except admits that it provides document solutions to the financial services industry.

13.      Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14.      Defendant denies the allegations as set forth in Paragraph 14 of the Complaint, except admits that any medical condition Plaintiff allegedly had did not impact his ability to continue his employment with Defendant.

15.     Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.     Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.     Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.     Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint, except admits that the accommodations cited therein could be reasonable accommodations for a diabetic based on the individual's request and circumstances surrounding the need for an accommodation.

25.     Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.     Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

27.     Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint, erroneously numbered as paragraph "1", except admits that Plaintiff voluntarily resigned his employment on August 6, 2007.

### AS TO "COUNT ONE
### (ADA)"

28.     Defendant repeats and realleges its responses to Paragraphs 1 through 27 of the Complaint as though set forth fully here in response to Paragraph 28 of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant admits the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant denies each and every allegation set forth in Paragraph 32 of the Complaint.

33.     Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint.

34.     Defendant denies each and every allegation set forth in Paragraph 34 of the Complaint.

35.    Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

## AS TO "COUNT TWO
## (NYSHRL)"

36.    Defendant repeats and realleges its response to Paragraphs 1 through 35 of the Complaint as though fully set forth here in response to Paragraph 36 of the Complaint.

37.    Defendant admits the allegations set forth in Paragraph 37 of the Complaint.

38.    Defendant admits the allegations set forth in Paragraph 38 of the Complaint.

39.    Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

40.    Defendant denies each and every allegation set forth in Paragraph 40 of the Complaint.

41.    Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

## AS TO "COUNT THREE
## (NYCHRL)"

42.    Defendant repeats and realleges its responses to Paragraphs 1 through 41 of the Complaint as though set forth fully here in response to Paragraph 42 of the Complaint.

43.    Defendant admits the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendant admits the allegations set forth in Paragraph 44 of the Complaint.

5

45.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendant denies each and every allegation set forth in Paragraph 46 of the Complaint.

47.     Defendant denies each and every allegation set forth in Paragraph 47 of the Complaint and the prayer for relief thereunder.

## FIRST AFFIRMATIVE DEFENSE

48.     Plaintiff's Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

49.     Plaintiff cannot meet his burden to establish that he is an individual with a "disability" as defined by the ADA or any New York State or City law.

## THIRD AFFIRMATIVE DEFENSE

50.     Plaintiff cannot meet his burden to establish that Defendant treated, perceived or regarded Plaintiff as an individual who was disabled.

## FOURTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims under the New York State Human Rights Law and New York City Human Rights Law are barred, in whole or in part, by his election of remedies.

## FIFTH AFFIRMATIVE DEFENSE

52.     Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## SIXTH AFFIRMATIVE DEFENSE

53.     Plaintiff never requested an accommodation for his alleged "disability."

### SEVENTH AFFIRMATIVE DEFENSE

54.    Any claim for compensatory and punitive damages is barred by the Civil Rights Act of 1991 since Defendant acted in good faith with respect to Plaintiff's alleged need for a reasonable accommodation.

### EIGHTH AFFIRMATIVE DEFENSE

55.    At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

### NINTH AFFIRMATIVE DEFENSE

56.    Defendant's actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons.

### TENTH AFFIRMATIVE DEFENSE

57.    Even if Plaintiff could prove that his alleged "disability" was a factor in any employment decision, Defendant would have made the same employment decision.

### ELEVENTH AFFIRMATIVE DEFENSE

58.    Plaintiff has failed to mitigate his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

60.    Plaintiff's claims are barred because Plaintiff has failed to satisfy the statutory prerequisites for filing such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

61.     As for any claim of constructive discharge, Plaintiff's working conditions were not so intolerable so as to cause him to resign.

## SIXTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are barred, in whole or in part, by the exclusive remedies provisions of the New York Workers' Compensation Law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

63.     Plaintiffs' claims are barred, in whole or in part, by the after-acquired evidence doctrine.


WHEREFORE, Defendant respectfully requests that this Court:

a.     Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b.     Deny each and every prayer for relief set forth in Plaintiff's Complaint;

c.     Award Defendant reasonable attorneys' fees and costs incurred in defending against Plaintiff's baseless and frivolous action; and

d.     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway
Suite 1502
White Plains, New York 10601

By: _____
Joseph J. Lynett (JL 7328)
Susan M. Corcoran (SC 0934)

ATTORNEYS FOR DEFENDANT

Dated: August 21, 2008
          White Plains, New York

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

KEITH MIKELL,

                         **Plaintiff,**                           **Case No.: 08 CV 5549 (CM)**

        - against -

**CAPITAL PRINTING SYSTEMS, INC.,**

                         **Defendant.**

---------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of Defendant's Answer has been served via first class U. S. mail on the 21st day of August, 2008 on counsel for Plaintiff at the address set forth below:

Locksley O. Wade
Law Office of Locksley O. Wade. LLC
110 Wall Street, 11th Floor
New York, New York  10005
Tel: (212) 933-9180
Fax: (212) 253-4142
*Attorneys for Plaintiff*


Joseph J. Lynett